Michael S. Agruss (SBN: 259567)
AGRUSS LAW FIRM, LLC
4809 N. Ravenswood Ave., Suite 419
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff,
ZACHARY BRANCH

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| ZACHARY BRANCH, | ) |
| | ) |
| Plaintiff, | ) **Case No.:** 8:18-cv-1484 |
| | ) |
| v. | ) **PLAINTIFF'S COMPLAINT** |
| | ) |
| ADVANCED CALL CENTER | ) |
| TECHNOLOGIES, LLC, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT**

Plaintiff, ZACHARY BRANCH ("Plaintiff"), through his attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, ADVANCED CALL CENTER TECHNOLOGIES, LLC ("Defendant"):

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("RFDCPA").

3. Count III of Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k, and 28 U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained within.

5. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

6. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Anaheim, Orange County, California.

8. Plaintiff is a consumer as that term is defined by the FDCPA and RFDCPA.

9. Plaintiff is, and at all times mentioned herein, a "person" as defined by the TCPA.

10. Plaintiff allegedly owes a debt as that term is defined by FDCPA and RFDCPA.

11. Defendant is a debt collector as that term is defined by FDCPA and RFDCPA.

12. Within the past year of Plaintiff filing this complaint, Defendant attempted to collect a consumer debt from Plaintiff.

13. Defendant is a collection agency located in Berwyn, Chester County, Pennsylvania.

14. Defendant is a business entity engaged in the collection of debt within the State under California.

15. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

16. When an unpaid, outstanding account is placed with Defendant it is assigned a file number.

17. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

18. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

PLAINTIFF'S COMPLAINT

19. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

20. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

21. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating with Wal-Mart.

22. The alleged debt at issue arises from transactions for personal, family, and household purposes.

23. Within four (4) years of Plaintiff filing this Complaint, Defendant placed collection calls to Plaintiff's cellular telephone number at xxx-xxx-1034 in an attempt to collect the alleged debt from Plaintiff.

24. Defendant called Plaintiff from 866-445-6548 and 866-268-8605, which are two of Defendant's telephone numbers.

25. On or around July 10, 2018, Plaintiff spoke with one of Defendant's collectors and requested for Defendant to stop calling him.

26. Despite Plaintiff's request to stop calling, Defendant continued to place collection calls to Plaintiff's telephone including, but not limited to, on or around July 12, 2018.

27. On or around July 12, 2018, one of Defendant's collectors threatened that Defendant would not stop calling until Plaintiff makes a payment.

28. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

29. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

30. During at least one conversation, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

31. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

32. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.

33. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.

34. Within 4 years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone in predictive mode.

35. The telephone dialer system Defendant used to call Plaintiff's cellular

telephone has the capacity to store telephone numbers.

36. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

37. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

38. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

39. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

40. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.

41. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

42. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.

43. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

44. As a result of Defendant's alleged violations of law by placing these

automated calls to Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

   a. Invading Plaintiff's privacy;

   b. Electronically intruding upon Plaintiff's seclusion;

   c. Intrusion into Plaintiff's use and enjoyment of Plaintiff's cellular telephone;

   d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of Plaintiff's cellular telephone; and

   e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

45. Defendant violated the FDCPA based on the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequences of which is to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling him;

PLAINTIFF'S COMPLAINT

b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling him;

c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, when Defendant created the false impression on Plaintiff that Defendant was permitted to call Plaintiff with impunity despite Plaintiff's request for Defendant to stop calling him; and

d. Defendant violated § 1692f of the FDCPA by using unfair or unconscionable means to collect any debt, when Defendant engaged in the foregoing conduct.

WHEREFORE, Plaintiff, ZACHARY BRANCH, respectfully requests judgment be entered against Defendant, ADVANCED CALL CENTER TECHNOLOGIES, LLC, for the following:

46. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

47. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

48. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

45. Plaintiff repeats and re-alleges paragraphs 1-44 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

46. Defendant violated the RFDCPA based on the following:

   a. Defendant violated the §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling him;

   b. Defendant violated the §1788.11(e) by communicating by telephone with the debtor with such frequency as to be unreasonable and to constitute harassment to the debtor under the circumstances, when Defendant continued to place collection calls to Plaintiff after Plaintiff requested Defendant stop calling him; and

   c. Defendant violated the §1788.17 of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, 15 U.S.C. § 1692 et seq. as detailed above in Count I.

WHEREFORE, Plaintiff, ZACHARY BRANCH, respectfully requests judgment be entered against Defendant, ADVANCED CALL CENTER TECHNOLOGIES, LLC, for the following:

47. Statutory damages of $1,000.00 pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.30(b);

48. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, Cal. Civ Code § 1788.30(c); and

49. Any other relief that this Honorable Court deems appropriate.

## COUNT III
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

45. Plaintiff repeats and re-alleges paragraphs 1-44 of Plaintiff's Complaint as the allegations in Count III of Plaintiff's Complaint.

46. Defendant's conduct violated the TCPA by:

   a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, ZACHARY BRANCH, respectfully requests judgment be entered against Defendant, ADVANCED CALL CENTER TECHNOLOGIES, LLC, for the following:

47. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

48. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

50. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  August 21, 2018            AGRUSS LAW FIRM, LLC

By:/s/  Michael S. Agruss
    Michael S. Agruss
    Attorney for Plaintiff
    ZACHARY BRANCH

PLAINTIFF'S COMPLAINT